IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FILED**

AUG 0 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KACEY D. JONES # 07428·010 )
FCT Petitioner, Beaumont Low )
PO B 26020 )
VS· Beaumont, Tx 77720 )
)
ALBERTO GONZALES, ATTORNEY GENERAL )
UNITED STATES OF AMERICA, )
HARLEY LAPPIN, DIRECTOR, BUREAU )
OF PRISONS, DEPT OF JUSTICE )
Respondents

Case: 1:07-cv-01433
Assigned To : Unassigned
Assign. Date : 08/08/2007
Description: PRO SE GEN. CIVIL

PETITION FOR WRIT OF HABEAS CORPUS
Pursuant To Title 28 U.S.C. § 2241 (a)

Comes Now, Petitioner KACEY D. JONES, acting pro-se in the above matter.

The Petitioner KACEY D. JONES , is an Federal Correctional Institution whose statutory and Due Process rights have been violated by the Federal Bureau of Prisons when they unconstitutionally denied him early release eligibility under 18U.S.C. §3621(e), the Equal Protection Clause, and Due Process Clause of Fifth Amendment. An inmate who was sentence to a term of imprisonment pursuant to the provisions of Chapter 227, sub-chapter (D) for a non-violent offense, and who is determined to have a substance abuse problem, and successfully completed a residential drug treatment program during his/her current commitment may be eligible, in accordance with paragraph (a) of this section for early release by a period not to exceed 12 months. Namely the five-hundred (500) hour in patient treatment program offered within the designated facilities. This is an intensive drug treatment program in which Congress enacted to address the growing concern and as an incentive authorized for a sentence reduction for those who completed the program. And it is for reason petitioner appeals to this Honorable court (for consideration for early release).

RECEIVED
JUL 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jurisdiction Of The Court

This Court has jurisdiction over this action pursuant to 28 U.S.C 2241 becaue the petitioner's term in federal custody is being determined in violation of the United States Constitution and the laws of the United States.

The Petitioner also invokes the jurisdiction of this Court pursuant to 28 U.S.C section 1331,in that the action arises out of the Constitution and Laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity.

The Petitioner also invokes the jurisdiction of this Court pursuant to 28 U.S.C section 1343(4), in that petitioner seeks to redress the deprivation or right guaranteed by both the Constitution and Federal Statutes.

## Parties

The petitioner is presently incarcerated at a Federal Correctional Institution pursuant to a judgement of the United States District Court for the Western District of Arkansas. Alberto Gonzales ,Attorney General,Harley Lappin , Director Bureau Of Prisons and the warden of the Beaumont Low Unit. Francisco Quintana, through the Federal Bureau of Prisons an Agency of the United States Dept of Justice is responsible for Petitioner's custody and his present terms of confinement.

## Statement of the Case

On Febuary 15,2005 the Honorable Judge Hendren for the United States District Court for the Western District of Arkansas sentenced the petitioner to a term of imprisonment for 70 months upon his conviction for Possession with Intent to Distribute Cocaine Base in Case Number 5:04CR50030-001 . Petitioner has

been in custody in connection with this offense since Oct 7, 2004.

Case 1:07-cv-01433-UNA    Document 1    Filed 08/08/2007    Page 3 of 16

Petitioner applied to enter the RDAP program the BOP's
Residential Drug Treatment Program , he was told in processing
for the RDAP program that he was ineligible for the one year
reduction in his sentence uopn completion of the program due to
a two point enhancement under the Federal Sentenciing Guidelines
for possession of a firearm pursuant to  U.S.S.G section 2D1.1(b)(1).

The BOP based this decision on their internal Program Statement
P.S. 5162.04 which indicates that a federal inmate who has been
convicted under 21 U.S.C section 841 and has received a two level
enhancement for possession of a firearm is ineligible for obtaining
early release under section 3621(e)(2)(b).

Petitioner has now filed an Application for Writ of Habeas
Corpus with this Court in which petitioner claims the BOP wrongfully
denied him eligibilty for a one year sentence reduction upon
completion of the RDAP program because of the sentencing enhancement
that he received undxer the sentencing guidelines for possession
of a firearm in connection with his Possession with Intent to
Distribute Cocaine Base. Petitioner futher contends that Program
Statement 5162.04, which was used by the BOP to deny him early
release eligiblity , is itself invalid and therefore cannot be
used to deny him early release eligibilty. **Petittioner further submits:**

Pursuant to BOP OPERATIONS MEMORADUM NUMBER 026-99(5162) clearly
states that cases from the Eighth Circuit' **CANNOT RELY UPON ANY SENTENCE ENHANCEMENT
FACTORS WHEN DETERMINING WHETHER AN IS CONVICTED OF A NON VIOLENT OFFENSE UNDER
18 U.S.C section 3621 (e). See attached exhibit no.1**

Petitioner states that since he has been transfered to the Fifth Circuit
a violation of Due Process has occured denying Petitioner access to the RDAP
500 hr Substance Abuse Treatment Program and the one year sentence reduction
eligibilty upon successful completion of the program., in manner consistant with
others convicted  and incarcerated within the 8th Circuit .

3

This Court has jurisdiction to hear this petition. A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F 3d 1122, 1123 (6th Cir. 1998). A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the determination by the Bureau of Prisons that he or she is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). *Perez v. Hemingway*, 157 F Supp. 2d 790, 793 (E.D. Mich. 2001).

In addition, this Court has subject matter jurisdiction over this petition, even though Petitioner concedes that he has not yet exhausted his administrative remedies prior to seeking habeas relief. Because exhaustion of administrative remedies is not required by statute, it is not jurisdictional. *Brown v. Rison*, 895 F 2d 533, 535 (9th Cir. 1990). Any additional exhaustion of administrative remedies by Petitioner in this matter is not required to confer subject matter jurisdiction by this Court over Petitioner's § 2241 petition, because the explicit exhaustion requirements which are contained in the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Prison Litigation Reform Act (PLRA) do not apply to habeas petitions filed under 28 U.S.C. § 2241. *United States v. West*, 2003 WL 1119990, * 2 (E.D. Mich. February 20, 2003), *Hicks v. Hood*, 203 F. Supp. 2d 379, 382 (D. Or. 2002). Additionally, in light of the fact that Program Statement 5162.04 is mandatory in nature and automatically excludes from early release all inmates who have violated 18 U.S.C. § 841 and

who have received two-level sentencing enhancements under the sentencing guidelines for possession of firearm, any further exhaustion on Petitioner's part would be futile and will thus be excused. *See e.g. Boucher v. Lamanna*, 90 F. Supp. 2d 883, 887-88 (N.D. Ohio 2000); *Camper v. Benov*, 966 F. Supp. 951 (C.D. Cal. 1997).

In 1994, Congress passed the Violent Crime and Control Act of 1994 ("Act"). Part of the Act directed the BOP to make appropriate substance abuse treatment available for each prisoner the Bureau determines has a treatable condition of substance abuse or addiction. 18 U.S.C § 3621(b). As an incentive to get inmates to participate in these programs, Congress provided that:

> [t]he period a prisoner convicted of a non-violent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B)

On October 9, 1997, the Bureau of Prisons adopted a revised 28 C.F.R. § 550.58. The revised regulation abandoned its earlier incorporation of the crime-of-violence definition in 18 U.S.C § 924 (c)(3), and adopted new criteria for determining an inmate's eligibility for early release for participation in a drug treatment program. 28 C.F.R. § 550.58(a)(1)(vi)(B) indicates that inmates whose current offense was a felony which involved "the carrying, possession or use of a firearm or other dangerous weapons or explosives" were not eligible for early release under § 3621 (e)(2)(B). 28 C.F.R. § 550.58 was made immediately effective on October 9, 1997, although it was not published in the Federal Register until October 15,

5

1997.

To aid BOP staff in understanding and implementing these amendments to Section 550.58, the BOP issued Program Statement 5162.04, "Categorization of Offenses", effective October 9, 1997. Section 2 of P.S. 5162.04 provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." Section 7 of P.S. 5162.04 further provides that BOP staff must look at sentence enhancement factors, such as possession of a firearm, which would subject a defendant to sentence enhancement under § 2D1.1 and § 2D1.11 of the Federal Sentencing Guidelines

Petitioner argues that because he was convicted of a nonviolent offense, the Bureau of Prisons abused its statutory discretion in basing their decision to exclude Petitioner from consideration for early release because of the two-point sentence enhancement that he received for being in possession of a firearm. Petitioner also claims that Program Statement 5162.04, which was relied upon by the BOP to deny him eligibility for early release, is invalid and therefore may not be used to deny him eligibility for early release upon the successful completion of drug treatment. Finally, Petitioner claims that the BOP's decision to exclude him from early release violated his rights to due process and equal protection.

The United States Supreme Court has held that under § 3621(e)(2)(B), the Bureau of Prisons has the discretion to promulgate 28 C.F.R. § 550.58 and categorically deny early release to prisoners like Petitioner whose current offense was a felony attended by the

6

*Prot. Agency*, 633 F. 2d 803, 811-12 (9th Cir. 1980).

The Court in *Bohner* found that the BOP had violated both Sections 553(b) and (d) of the APA in promulgating 28 C.F.R. § 550.58, because the BOP published nothing about this interim rule in the Federal Register until October 15, 1997, even though the effective date of the regulation was October 9, 1997. *Bohner v. Daniels*, 243 F. Supp. 2d at 1175. The court further found that none of the statutory exceptions to Section 553(b) applied. 5 U.S.C. § 553(b)(3) indicates that the notice and comments requirements of Section 553(b) do not apply "(A) to interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice; or (B) when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." The court in *Bohner* noted that the exception found in subsection (A) did not apply because the BOP's 1997 rule was not an interpretive rule or a general statement of policy. *Bohner*, 243 F. Supp. 2d at 1176 (*citing Gunderson v. Hood*, 268 F. 3d 1149, 1154 (9th Cir. 2001); *Grier v. Hood*, 46 Fed. Appx. 433, 440 (9th Cir. 2002)). The court likewise found that the "good cause exception" contained in Section 553(b)(3)(B) did not apply, because nowhere in its notice in the Federal Register did the BOP explain that it was invoking the good cause exception nor did it explain why the notice and comment procedure was impracticable, unnecessary, or contrary to the public interest. *Bohner*, 243 F. Supp. 2d at 1176 (*citing* to 62 Fed.Reg. 536900 (Oct. 15, 1997)). Because the BOP failed to invoke the

good cause exception when it promulgated the 1997 regulation, and failed to explain why it was impracticable, unnecessary, or contrary to the public interest, the court found that these procedural errors invalidated the regulation. *Id.*

Having determined that 28 C.F.R. § 550.58 was invalid, because it had not been promulgated in compliance with the Administrative Procedure Act, the court in *Bohner* concluded that Program Statement 5162.04 likewise could not be used to deny the petitioner early release upon successful completion of the drug treatment program. In deciding this issue, the court in *Bohner* had to reconcile "apparently conflicting precedents" from the Ninth Circuit involving this issue. *Bohner,* 243 F. Supp. 2d at 1177. The court in *Bohner* noted that the Ninth Circuit had ruled in *Grass v. Reno,* 25 F. 3d 1118, 1221-22 (9th Cir. ) that the 1997 interim regulation was invalid because the BOP failed to comply with the notice and comment requirements of the APA, the program statement 5162.04, which predated the amended rule, would remain viable, because it never was rescinded, nor was it expressly superseded by the later 1997 interim regulation. However, the court in *Bohner* noted that the Ninth Circuit subsequently held in *Gunderson v. Hood,* 268 F. 3d 1149, 1155 (9th Cir. 2001) that because Program Statement 5162.04 did no more than clarify the then existing law, it was interpretive and thus not subject to the requirements of the APA. *Bohner,* 243 F. Supp. 2d at 1178. Finally the court in *Bohner* noted that the Ninth Circuit had reversed that district court's denial of another habeas petitioner's motion to amend his habeas petition to include an allegation under the Administrative Procedure Act, stating

carrying, possession, or use of a firearm. *Lopez v. Davis*, 531 U.S. 230, 238-43 (2001). However, the Supreme Court in *Lopez* declined to address the issue of whether the BOP violated the notice and comment provisions of the Administrative Procedures Act (APA) when it published the 1997 regulation because the issue was not raised in the lower courts or presented in the petition for certiorari. *Lopez v. Davis*, 531 U.S. at 244, n. 6

In *Bohner v. Daniels*, 243 F. Supp. 2d 1171 (D. Or. 2003), the federal district court held that the BOP's Program Statement 5162.04 could not be used to deny early release, where the program statement was not promulgated in compliance with the notice and comment procedures of 5 U.S.C. § 553 of the Administrative Procedure Act (APA), and the rule that the program statement purported to interpret, namely 28 C.F.R. § 550.58, was likewise invalid, because it, too, had not been issued in compliance with the Administrative Procedure Act. *Id.* at 1174-79.

In so ruling, the Court in *Bohner* noted that Section 553(b) of the Administrative Procedure Act requires that "[g]eneral notice of proposed rulemaking shall be published in the Federal Register." *Bohner*, 243 F. Supp. 2d at 1175 (citing 5 U.S.C. § 553(b)). Section 553 (d) of the Administrative Procedure Act requires publication of the rules not less than thirty days prior to their effective date, but provides a good cause exception in subsection (d)(3). "[B]efore that exception becomes relevant, however, the agency must first justify abandoning the requirement of prior notice and comment pursuant to subsection (b)(B)." *Bohner* 243 F. Supp. 2d at 1175 (citing *Western Oil & Gas Ass'n v. United States Envtl.*

9

good cause exception when it promulgated the 1997 regulation, and failed to explain why it was impracticable, unnecessary, or contrary to the public interest, the court found that these procedural errors invalidated the regulation. *Id.*

Having determined that 28 C.F.R. § 550.58 was invalid, because it had not been promulgated in compliance with the Administrative Procedure Act, the court in *Bohner* concluded that Program Statement 5162.04 likewise could not be used to deny the petitioner early release upon successful completion of the drug treatment program. In deciding this issue, the court in *Bohner* had to reconcile "apparently conflicting precedents" from the Ninth Circuit involving this issue. *Bohner*, 243 F. Supp. 2d at 1177. The court in *Bohner* noted that the Ninth Circuit had ruled in *Grass v. Hood*, 251 F. 3d 1218, 1221-22 (9th Cir. 2001) that even if the 1997 interim regulation was invalid because the BOP failed to comply with the notice and comment requirements of the APA the program statement [5162.04], which predated the amended rule, would remain viable, because it never was rescinded, nor was it expressly superseded by the later 1997 interim regulation. However, the court in *Bohner* noted that the Ninth Circuit subsequently held in *Gunderson v. Hood*, 268 F. 3d 1149, 1155 (9th Cir. 2001) that because Program Statement 5162.04 did no more than clarify or explain existing law, it was interpretive and thus not subject to the requirements of the APA. *Bohner*, 243 F. Supp. 2d at 1178. Finally, the court in *Bohner* noted that the Ninth Circuit had reversed that district court's denial of another habeas petitioner's motion to amend his habeas petition to include an allegation under the Administrative Procedure Act, stating

that it would not have been futile because it appeared the BOP violated the APA. *Grier v. Hood*, 46 Fed.Appx. 433 (9th Cir. 2002). The district court in *Bohner* observed that "[G]rier did not, however, explain why it mattered that the regulation violated the APA given *Grassi's* observation that the program statements would survive regardless of whether the regulation complied with the APA." *Bohner*, 243 F. Supp. 2d at 1178.

The court in *Bohner* determined that it was unnecessary to harmonize the Ninth Circuit precedents because regardless of whether *Grassi* or *Gunderson* controlled, only one outcome was possible. i.e.. the program statements may not be used to deny the petitioner early release. *Bohner v. Daniels*, 243 F. Supp. 2d at 1179

> "First, if *Grassi* is correct, the 1997 program statements would deny petitioner a sentence reduction independent of the 1997 rule. If so, the program statements should have been classified as legislative rules, and promulgated in compliance with the APA's notice and comment procedures. Because they were not, they may not be relied upon to deny petitioner early release. Alternatively, if *Gunderson* is correct, the 1997 program statements merely interpret the 1997 rule. It has already been determined above that the 1997 rule was invalid, so there is no rule left for the 1997 program statements to interpret." *Bohner v. Daniels*, 243 F. Supp. 2d at 1179

Based on its ruling in *Bohner v. Daniels, supra*, the same district court has subsequently granted habeas relief twice on the basis that Program Statement 5162.04 was invalid because it had not been promulgated in compliance with the notice and comment procedures of the Administrative Procedure Act. *See Pickrel v. Daniels*, 2004 WL 1445106 (D. Or. June 24, 2004); *Benard v. Daniels*, 2004 WL 1197774 (D. Or. May 28, 2004) Another court has previously held that the BOP's Program Statement 5162.02, the

11

predecessor to the current  ...ogram Statement 5162.04, which also indicated that certain

crimes were considered "crimes of violence" if sentence enhancements were given for

firearms possession, thus rendering a prisoner convicted of such a crime ineligible for the

early release program, was a legislative rule that was subject to the notice and comment

requirements of the APA. *See Wiggins v. Wise,* 951 F. Supp. 614, 619-20 (S.D. W.Va. 1996).

This Court concludes that the rationale behind the district court's decision in *Bohner*

was correct and will adopt it in this case. "A fundamental requirement of the Administrative

Procedure Act is that  nterested persons be given notice of proposed  substantive  or

'legislative' regulations, and an opportunity to comment." *Maximum Home Health Care, Inc.

v Shalala,* 272 F 3d 318, 321 (6th Cir. 2001). If Program Statement 5162.04 denied inmates

eligibility for early release independent of 28 C.F.R. § 550.58, it should have been classified

as a legislative rule and promulgated in compliance with the APA s notice and comment

procedures  Because it was not, Program Statement 5162.04 may not be relied upon to deny

an inmate early release *Bohner,* 243 F  Supp. 2d at 1179.  Alternatively  if Program

Statement 5162.04 is merely interpretive of 550.58, because this interim rule is itself invalid,

there is no rule left for   this Program Statement to interpret.  Either way, the Program

Statement cannot be used to deny Petitioner early release. *Id.*

Having found Program Statement 5162.04 to be invalid, the next question for this

Court is what relief to grant Petitioner  This Court declines to order Petitioner s immediate

release, because to do so would infringe upon the BOP's discretion. *Wiggins v  Wise,* 951 F.

Supp. at 621. "While eligibility for early release under section 3621(e)(2)(B) is open to all prisoners who meet the statutory requirements, the statute vests the BOP with broad discretion to grant or deny sentence reductions to eligible prisoners based upon factors other than the categorical restrictions currently imposed." *Todd v. Scibana*, 70 F. Supp. 2d 779, 785 (E.D. Mich. 1999); *rev'd on other grds*, 20 Fed. Appx. 361 (6th Cir. 2001). Having found that Program Statement 5162.04 is void for violating the notice and comment requirements of the Administrative Procedure Act, this Court will leave the determination of Petitioner's eligibility for early release to the BOP. Although the BOP may not use Program Statement 5162.04 to deny Petitioner eligibility for early release, it is free to employ other valid considerations or valid regulations in informing its discretion. *Wiggins*, 951 F. Supp. at 621-22. This Court will therefore order the BOP to reconsider Petitioner's request for a sentence reduction pursuant to 18 U.S.C. § 3621 (e)(2)(B), without regard to Program Statement 5162.04.

PRAYER

The Petitioner respectfully request that this ORDER THE BOP TO ALLOW PETITIONER EQUAL ACCESS TO THE RDAP PROGRAM, TO ALLOW FULL PARTICIPATION TO INCLUDE THE ELIGIBLITY FOR THE ONE YEAR SENTENCE REDUCTION UPON SUCCESSFUL COMPLETION OF PROGRAM.

RESPECTFULLY SUBMITTED

*Kacey Jones*

07428-010

DATE 5/23/07

13

*Warden*
*AW Complex*
*CMC*
*DAP Unit/Staff*
*Education*

U.S. Department of Justice
Federal Bureau of Prisons

# Operations Memorandum

**NUMBER:** 026-99 (5162)
**DATE:** 5/17/99
**SUBJECT:** Release Procedures for Inmates Eligible for Release Under 18 U.S.C. § 3621(e)

**EXPIRATION DATE:** 5/17/00

1. **PURPOSE AND SCOPE.** To extend the cancellation dates of the Operations Memoranda listed below.

These OMs relate to court decisions in various Circuits that have interpreted the early release provisions for Residential Drug Abuse Programs (RDAP) under 18 U.S.C. § 3621(e). Because the litigation that resulted in the publication of these OMs is not yet settled, and additional litigation on 18 U.S.C. § 3621(e) releases is pending, permanent Bureau policy cannot be set at this time.

The cancellation dates of the Operations Memoranda listed below, except for OMs 052-98 and 068-98, were previously extended by OM 032-98 (5162) (5/5/98).

2. **DIRECTIVES REFERENCED**

| | |
|---|---|
| PS 5330.10 | Drug Abuse Program Manual (6/1/95) |
| PS 5162.02 | Definition of Term, "Crimes of Violence" (7/24/95) |
| PS 5162.04 | Categorization of Offenses (10/9/97) |
| OM 038-97 (5330) | Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Ninth Circuit (5/31/97) |
| OM 054-97 (5162) | Under 18 U.S.C. § 3621(e) Release Procedures Under CN-01 to PS 5162.02 for Inmates in the Ninth Circuit (7/17/97) |
| OM 078-97 (5162) | Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Third Circuit (9/8/97) |

EXHIBIT NUMBER ONE(1)

OM 026-99 (5162)
5/17/99
Page 2

OM 022-98 (5162)      Release Procedures for Inmates Eligible
for Sentence Reduction Under 18 U.S.C. §
3621(e) in the Seventh Circuit (2/25/98)

OM 023-98 (5162)      Release Procedures for Inmates Eligible
for Sentence Reduction Under 18 U.S.C. §
3621(e) in the Eight Circuit (2/25/98)

OM 052-98 (5162)      Release Procedures for Inmates Eligible
for Sentence Reduction Pursuant to 18
U.S.C. § 3621(e) in the Tenth Circuit

OM 068-99 (5162)      Release Procedures for Inmates Eligible
for Sentence Reduction Pursuant to 18
U.S.C. § 3621(e) in the Eleventh Circuit

3.   **SUMMARY OF DIRECTIVES.**   Since staff or inmates may not be
familiar with each of these Operations Memoranda, a summary of
the cases is provided below.   These OMs do not apply to all
inmates or all Bureau institutions.   Therefore, staff and inmates
are encouraged to read each OM to understand each cases's
provisions and the requirements imposed upon staff and inmates to
implement each decision.

a.   OM 038-97 resulted from two cases in the Ninth Circuit.
Downey v. Crabtree and Davis v. Crabtree.   In Downey, the Ninth
Circuit held that no sentence enhancement factors can be used
when determining eligibility for an 18 U.S.C. § 3621(e) release.
In the Davis case, the Court held that Bureau staff may not
interpret the offense Felon in Possession of a Firearm as a crime
of violence.

b.   OM 054-97 announced the results of Cort v. Crabtree in
which the Ninth Circuit found that CN-1 to PS 5162.02, Definition
or Term, "Crimes of Violence" may not be applied to any inmate
who had either begun participating in or received a favorable
eligibility determination for a sentence reduction prior to
CN-1's issuance on April 23, 1996.

c.   OM 078-97 provided implementation instructions for Roussos
v. Menifee in which the Third Circuit held the Bureau could not
rely on any sentence enhancement factors when determining whether
an inmate is convicted of a nonviolent offense under 18 U.S.C. §
3621(e).

d.   OM 022-98 announced a Seventh Circuit decision in Bush v.
Pitzer that was similar to the decision in OM 078-97.

e.   OM 023-98 announced an Eighth Circuit decision in Martin v.
Gerlinski that was also similar to the decision in OM 078-97.

OM 026-99 (5162)
5/17/99
Page 3

f.  OM 052-98 announced a Tenth Circuit decision in Fristoe v. Thompson that was similar to the decision in OM 078-97.

g.  OM 068-98 announced an Eleventh Circuit decision in Byrd v. Hasty that was similar to the decision in OM 078-97.

4.  **ACTION**

a.  The expiration dates of all of the Operations Memoranda listed above are hereby extended to the date in the header of this Operations Memorandum.

b.  Staff and inmates should consult each particular OM to understand the process and to determine the impact upon any individual case.

c.  This Operations Memorandum shall be placed on all Inmate Bulletin Boards and in the inmate law library.

d.  A copy of this Operations Memorandum is to be filed in front of **each** of the Operations Memoranda listed above.


/s/
Dennis Bidwell for
Michael B. Cooksey
Assistant Director
Correctional Programs
Division

/s/
Christopher Erlewine
Assistant Director/
General Counsel